## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH PATRICK GUERRIERO         :
             Plaintiff         :         No:
                                :
      vs.         :         JURY TRIAL DEMANDED
                                :
LOCK HAVEN UNIVERSITY OF         :         JUDGE
PENNSYLVANIA, STATE SYSTEM         :
OF HIGHER EDUCATION,         :
             Defendant         :

## COMPLAINT

1.  Plaintiff Joseph Patrick Guerriero is an adult individual currently residing at 204 Susquehanna Avenue, Lock Haven, Pennsylvania.

2.  Defendant is the State System of Higher Education, Lock Haven University of Pennsylvania, which operates Lock Haven University of Pennsylvania in Lock Haven, Clinton County, Pennsylvania.

3.  This Court has jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. §§1331, 1343 and 1367.

4.  Venue lies in the Federal District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b).

5.  Plaintiff Joseph Patrick Guerriero previously filed a complaint alleging employment related discrimination arising from retaliation for his opposition to sexual harassment and a sexually hostile atmosphere.  Copies of Plaintiff's Amended Complaint and First Amended Complaint filed with the PHRC and Federal District Court, respectfully are attached hereto as Exhibit "A" and "B".

6.  On August 18, 2006, the Middle District Court entered an Order settling forth terms of a possible settlement.  A true and correct copy of the Order is appended hereto as Exhibit "C".

7.  On or about March 9, 2007, the parties entered into a Release Agreement settling all claims asserted in the aforementioned lawsuit.  The Release specified the Court's Order of August 18, 2006, as setting forth the terms of the settlement.  A true and correct copy of the Release is appended hereto as Exhibit "D".

8.  With respect to the settlement, Defendant agreed that Plaintiff would be appointed to an acting manager assignment and would have the position title of "Director of Sports Marketing" for a period not to exceed two (2) years.  See paragraph 1 of August 18, 2006, Order.

9.  Plaintiff's primary duties and responsibilities in the position of Director of Sports Marketing were to be in the areas of athletic advertising sales, major gifts development, athletic and alumni relations, and special projects furthering advancement as assigned by the VP for University advancement.  See Paragraph 2 of August 18, 2006, Order.

10.  Defendant was required to create a job description setting forth the duties for and expectations of Plaintiff.  This job description was to be developed by management with input from Plaintiff and approved by the President of the University.  See Paragraph 2 of August 18, 2006, Order.

11.  Plaintiff's performance was to be evaluated by the Development Director "consistent with the standard used to evaluate other managers in the office of University advancement."  See Paragraph 2 of August 18, 2006, Order.

12. Plaintiff was to be provided with the level of clerical/support staff reasonable necessary for him to perform his duties. See Paragraph 3 of August 18, 2006, Order.

13. Plaintiff was to have reasonable operation costs under all circumstances to perform his function. See Paragraph 3 of August 18, 2006, Order.

14. A lump sum payment was to be made to Plaintiff within 45 days of his execution of a Release.

15. Plaintiff was very reluctant to sign a Release recognizing the terms set forth in the Court's August 18, 2006, Order because he did not trust that the Defendant would follow the terms of the Court's Order in good faith.

16. Despite his reluctance, Plaintiff eventually signed the Release on March 9, 2007. See Exhibit "D".

## COUNT I

## RETALIATION IN VIOLATION OF TITLE VII OF THE FEDERAL CIVIL RIGHTS ACT AND THE PENNSYLVANIA HUMAN RELATIONS ACT

17. Paragraphs 1 through 16 are incorporated herein by reference as though set forth in full.

18. Following the conclusion of Plaintiff's Federal lawsuit, Defendant has engaged in continuous retaliatory conduct towards Plaintiff in an effort to punish and take retribution against him for filing a lawsuit against the Defendant.

19. Defendant has breached and/or failed to exercise good faith with respect to the requirements of paragraph 1 through 7 of the Court's August 18, 2006, Order.

20. Despite the fact that the August 18, 2006, Court Order directed that Plaintiff's responsibility be in the areas of athletic advertisement, major gift

development, athletic and alumni relations, and special projects, Plaintiff was not permitted to perform work in all these areas.

21.   Defendant recognized that Plaintiff's main strength was in the areas of athletic and alumni relations, however, Defendant refused to allow Plaintiff to have meaningful alumni contact with respect to gift development and, chastised him that he was acting beyond his responsibilities if he attempted to have meaningful alumni contact with respect to gift development.

22.   Plaintiff was not provided with an office to perform his duties.  Plaintiff was not given any responsibilities with respect to major gift development or athletic and alumni relations.

23.   The main project assigned to Plaintiff was designed for failure in that he was given the goal of obtaining $20,000 of "out of the area" advertising.  Defendant knew that businesses outside of the Lock Haven area would not be interested in advertising at Lock Haven University because it was outside of their geographic marketing area.

24.   Plaintiff was provided with little or no training or guidance.

25.   Plaintiff was provided with no information regarding budgets.

26.   Plaintiff was provided with little training or guidance with respect to office operations.

27.   Upon his initial meeting with his Supervisor, Keith Barrows, Plaintiff was advised that Barrows was "simply told to give Plaintiff something to do because Plaintiff is not going to be successful anyway".  Barrows also indicated that he was upset that his name was in the settlement.

28.   Plaintiff was not permitted to provide any genuine input with respect to his

job description and was told by Keith Barrows to simply sign-off on the job description or it would go to the President's office without Plaintiff's signature.

29.   The Defendant's retaliatory actions against Plaintiff extended beyond his position within the Development Office.

30.   Plaintiff's Department Chair advised him that she desired to appoint him to an ideal position with a group of students.  The position was approved by the Dean of Education as well as the Provost.  Plaintiff received a letter of appointment from the President of the University.  In January 2007, about five days before he was to begin, the Plaintiff was advised that he would not be appointed to the job.

31.   In or about July 1996, when Defendant sought to have Plaintiff transferred from its Clearfield Branch to Main Campus, Plaintiff was promised at least eight credits and a summer contract if he would make the move.

32.   Defendant abided by its promise of always providing Plaintiff with a summer contract until the Summer of 2007 when, for reasons unspecified, no summer contract was offered to Plaintiff.  Once again, in the Summer of 2008, no summer contract was offered to Plaintiff.

33.   A new position was created in Plaintiff's department with the title of "Director of Haven Achievers".  This program was derived from a program Plaintiff developed and directed for three (3) years during the summer, which at the time, was called Summer Development. Plaintiff also directed a mirror program (ACT101/EOP) for one (1) other year. Plaintiff applied for the position. On or about July 2, 2007, Plaintiff received a letter from his own department search committee stating "After careful review of [his] job-related qualifications, the committee decided that other applicants

more closely match the requirements for the job."

34.   Defendant advised Plaintiff that he did not satisfactorily complete his duties as Director of Sports Marketing and that the position would end May 11, 2007.

35.   Plaintiff was afforded only seven (7) months to work as Director of Sports Marketing and during the entire time his efforts to perform well in the position were continually sabotaged by not allowing Plaintiff to perform work in areas where he would greatly excel, limiting his assignments to those where success was impossible, and not providing Plaintiff with sufficient resources to complete his job effectively, including training, guidance and budget information.  In addition, Plaintiff was not provided with an office and was provided with little or no clerical support.

36.   The Defendant's action in refusing to provide Plaintiff with a summer contract and its removal of Plaintiff from the Director of Sports Marketing position as of May 11, 2007, was in retaliation for the Plaintiff previously filed federal lawsuit in violation of both the Pennsylvania Human Relations Act and Title VII of the Civil Rights Act.

37.   As a direct and proximate result of the Defendant's unlawful retaliation in violation of both the Pennsylvania Human Relations Act and Title VII of the Civil Rights Act, Plaintiff has suffered damages, including, but not limited to, lost wages and mental anguish.

WHEREFORE, Plaintiff Joseph Patrick Guerriero respectfully request this Honorable Court to enter judgment in his favor and against Defendant Lock Haven University of Pennsylvania State System of Higher Education together with compensatory damages, punitive damages under Title VII of the Civil Rights Act,

reasonable attorney fees and costs, and any such other relief as the Court deems just and appropriate.

## COUNT II

## BREACH OF CONTRACT

38.  Paragraphs 1 through 37 are incorporated herein by reference as though set forth in full.

39.  The Defendant was legally obligated to fully comply with the terms of the Settlement Agreement outlined in the Court's Order of August 18, 2006.  This included the obligation to effect the terms of the settlement in good faith.

40.  As set forth above, the Defendant breach his obligation of good faith with respect to the terms of the Settlement Agreement and, instead, engaged in a course of conduct designed to allow it to take the position that Plaintiff did not satisfactorily complete the job duties of the new position by refusing to allow Plaintiff to work in the area of athletic and alumni relations where he excelled; failing to provide Plaintiff with an office to perform his duties; refusing to give Plaintiff any responsibilities with respect to major gift development; assigning a main project to Plaintiff which was designed for failure; providing Plaintiff with little or no training or guidance; providing Plaintiff with no information regarding budgets; providing Plaintiff with little training or guidance with respect to office operations, and not permitting Plaintiff to provide any input with respect to his job description.

41.  As a direct and proximate result of the Defendant's breach of the terms of the Settlement Agreement, Plaintiff sustained damages in the form of lost wages and

earnings, as well as a loss of the claims that were released pursuant to the Settlement Agreement.

WHEREFORE, Plaintiff Joseph Patrick Guerriero respects this Honorable Court to enter judgment in his favor and against Defendant Lock Haven University of Pennsylvania, State System of Higher Education together with compensatory damages, punitive damages, and any such other relief as the Court deems just and appropriate.

**SCHEMERY ZICOLELLO**

By:   *s/Michael J. Zicolello*
        Michael J. Zicolello
        I.D. #65522
        Attorney for Plaintiff

333 Market Street
Williamsport, PA 17701
(570) 321-7554